UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

New York City Council Member Ydanis Rodriguez, New
York City Council Member Jumaane Williams, John
Knefel, New York City Council Member Letitia James,
Justin Sullivan, Jeffery McClain, New York City Council
Member Melissa Mark-Viverito, Stephanie Keith,
Democratic District Leader Paul Newell, Justin Wedes,
Peter Dutro, Timothy Fitzgerald, Paul Sullivan, Michael
Rivas, Yonatan Miller, Charles Meacham, and The
National Press Photographers' Association,

                              Plaintiffs,

                  - against -

Deputy Inspector Edward Winski, The City of New York,
The Metropolitan Transit Authority, J.P. Morgan Chase &
Co., Brookfield Office Properties, Mitsui Fudusan
America, Inc., Mayor of the City of New York Michael
Bloomberg, New York Police Department Commissioner
Raymond Kelly, Metropolitan Transit Authority Police
Commissioner Michael Coan, MTA Police Officer
Lakeram, Police Offer Robert Mastrisciani, Sergeant
Steven Caro, Police Officer Margaret Monroe, Police
Officer Fernando Trinidad, Deputy Inspector Tloczkowski,
Lieutenant Daniel Albano, James Morrissey, John and Jane
Doe NYPD Officers ##1-100, John and Jane Doe MTA
Police Officers ##1-8, John Doe Employees of J.P. Morgan
Chase & Co ##1-10, John Doe Employees of Brookfield
Office Properties ##1-10, John Doe Employees of Mitsui
Fudusan America, Inc. ##1-10,

                            Defendants.

12-cv-3389 (NRB)

ECF CASE

**ORAL ARGUMENT
REQUESTED**

**REPLY MEMORANDUM IN SUPPORT OF BROOKFIELD OFFICE PROPERTIES'
AND JAMES MORRISSEY'S MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT ........................................................................................................................... 1

I.   PLAINTIFFS FAIL TO PLEAD FACTS SUFFICIENT TO ESTABLISH
     BROOKFIELD AS A STATE ACTOR OR CONSPIRATOR UNDER ANY LEGAL
     STANDARD ...................................................................................................................... 1

     A.   Brookfield Is Not A State Actor Under The Public Function Test Because
          Owning And Operating A Park Is Not An Exclusive State Function. ........................... 1

          1.   Plaintiffs confuse and misstate the public function standard. ........................... 2

          2.   Plaintiffs fail to plead facts sufficient to establish a claim that
               Brookfield is a state actor under the public function test. ............................... 5

     B.   Plaintiffs Fail To Plead State Action Under The Joint Action Test Because They
          Fail To Allege An Agreement And State No Facts Of A Plan Or Conspiracy .............. 5

          1.   Plaintiffs fail to sufficiently allege an agreement between Brookfield
               and the City ................................................................................................... 6

          2.   Plaintiffs ignore lawful reasons for police intervention determined in
               *Waller v. City of New York* and that private citizens can call the police. .............. 7

     C.   Plaintiffs Improperly Plead Additional Facts In Their Opposition. ............................... 8

II.  PLAINTIFFS FAIL TO STATE A CLAIM AGAINST JAMES MORRISSEY FOR
     CONSPIRACY AND MALICIOUS PROSECUTION ......................................................... 8

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Adickes v. S.H. Kress & Co.,*
    398 U.S. 144 (1970).................................................................5 n.9

*Alexis v. McDonald's Restaurants of Massachusetts, Inc.,*
    67 F.3d 341 (1st Cir. 1995)........................................................8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................9

*Blum v. Yaretsky,*
    457 U.S. 991 (1982)..............................................................2 n.3

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n,*
    531 U.S. 288 (2001)................................................................6

*Ciambriello v. County of Nassau,*
    292 F.3d 307 (2d Cir. 2002).......................................................9

*Citizens to End Animal Suffering and Exploitation, Inc. v. Faneuil Hall Marketplace,*
    745 F. Supp. 65 (D. Mass. 1990)..................................................3 n.5

*Coakley v. Jaffe,*
    49 F. Supp. 2d 615 (S.D.N.Y. 1999).............................................9, 10

*Connolly v. Havens,*
    763 F. Supp. 6 (S.D.N.Y.1991)....................................................8

*Dennis v. Sparks,*
    449 U.S. 24 (1980)...............................................................5, 6

*Evans v. Newton,*
    382 U.S. 296 (1966)..............................................................3, 4

*Fabrikant v. French,*
    691 F.3d 193 (2d Cir. 2012).......................................................3

*Fisk v. Letterman,*
    401 F. Supp. 2d 362 (S.D.N.Y. 2005)...............................................7

*Flagg Bros., Inc. v. Brooks,*
    436 U.S. 149 (1978)............................................................1, 2, 4

CASES                                                                      PAGE(S)

*Forbes v. City of New York*,
05-cv-7331 (NRB), 2008 WL 3539936 (S.D.N.Y. Aug. 12, 2008)..........................................4

*Ginsberg v. Healey Car and Truck Leasing Inc.*,
189 F.3d 268 (2d Cir. 1999)..........................................6

*Islam v. Goord*,
05-cv-7502 (RJH), 2006 WL 2819651 (S.D.N.Y. Sept. 29, 2006) ..........................................8

*Jackson v. Metro. Edison Co.*,
419 U.S. 345 (1974)..........................................1, 2 n.3

*Johns v. Home Depot U.S.A., Inc.*,
221 F.R.D. 400 (S.D.N.Y.2004) ..........................................7

*Lockhart v. Coastal Int'l Sec., Inc.*,
No. 11-cv-2264 (BAH), --- F. Supp. 2d ---,
2012 WL 5873681 (D.D.C. Nov. 21, 2012) ..........................................1 n.2

*Lugar v. Edmonson Oil Co.*,
457 U.S. 922 (1982)..........................................5 n.9

*Nat'l Collegiate Athletic Ass'n v. Tarkanian*,
488 U.S. 179 (1988)..........................................2 n.3

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*,
460 U.S. 37 (1983)..........................................3 n.4

*Rendell-Baker v. Kohn*,
457 U.S. 830 (1982)..........................................2

*Toomer v. Cellco P'ship*,
No. 11-cv-7515 (PAE), 2012 WL 2953831 (S.D.N.Y. Jul. 20, 2012)..........................................9

*United Auto Workers, Local No. 5285 v. Gaston Festivals, Inc.*,
43 F.3d 902 (4th Cir. 1995) ..........................................4 n.6

*Waller v. City of New York*,
No. 112951/2011 (Sup. Ct. N.Y. County Nov. 15, 2011) ..........................................3 n.4, 7

STATUTES & RULES

18 U.S.C. § 1983..........................................1, 5 n.9

Fed. R. Civ. P. 12(b)(6)..........................................1

Brookfield Defendants[1] respectfully submit this reply memorandum in further support of their motion to dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

**I.    PLAINTIFFS FAIL TO PLEAD FACTS SUFFICIENT TO ESTABLISH BROOKFIELD AS A STATE ACTOR OR CONSPIRATOR UNDER ANY LEGAL STANDARD**

Although unclear from allegations in their FAC, Plaintiffs' Opposition rests primarily on the contention that Brookfield is a state actor because it purportedly carried out a "public function" merely by owning and operating Zuccotti Park.  (Pl. Opp. 2-7).   This argument fails, however, because Brookfield has not performed a traditional, *exclusive* state function.  Plaintiff's fallback argument—that Brookfield engaged in joint action with the state—is also unavailing because Plaintiffs fail to allege facts establishing any plan or agreement between Brookfield and any state entity.  Tellingly, in making these baseless arguments, Plaintiffs' wholly ignore the two most relevant cases:  (i) *Waller v. City of New York* (the one case bearing on their allegations directly); and (ii) *Forbes v. City of New York* (this Court's decision dealing with the very issues raised herein).[2]  Plaintiffs simply fail to establish Brookfield as a state actor.

**A.    Brookfield Is Not A State Actor Under The Public Function Test Because Owning And Operating A Park Is Not An Exclusive State Function.**

In order to state a claim under 18 U.S.C. § 1983 for state action under the public function test, plaintiff must allege that the private entity exercised powers "traditionally exclusively reserved to the State."  *Jackson v. Metro. Edison Co*., 419 U.S. 345, 352 (1974).  This test is rarely satisfied since "very few [functions] have been 'exclusively reserved to the State.'"  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158-59 (1978) (finding only elections and complete

---

[1] All defined terms are identical to those used in Brookfield Defendants' moving memorandum of law.

[2] Because Plaintiffs do not address Brookfield Defendants' close nexus/entwinement argument (Def. Memo. at 13-15), Plaintiffs are deemed to have conceded this point.  *See Lockhart v. Coastal Int'l Sec., Inc.,* No. 11-cv-2264 (BAH), --- F. Supp. 2d ---, 2012 WL 5873681 at *9 (D.D.C. Nov. 21, 2012) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.")

municipal ownership as areas where private actors must be treated as state actors).  Indeed, many seemingly public functions do not meet the legal standard of the public function test because they lack "exclusivity."  For example, in *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982), the Supreme Court rejected a claim that educating maladjusted public high school students was state action, holding that "the relevant question is not simply whether a private group is serving a 'public function.'  We have held that the question is whether the function performed has been 'traditionally the *exclusive* prerogative of the State.'. . . That a private entity performs a function which serves the public does not make its acts state action."[3] *Id.* (citations omitted) (emphasis in original).  Dispositively here, neither park ownership nor park management has ever been exclusively the function of the state; private and public parks have long co-existed together.  *See Flagg Bros.*, 436 U.S. at 159 n.8 (doubting that "the operation of a park for recreational purposes is an exclusively public function" based on "the experience of several American entrepreneurs who amassed great fortunes by operating parks").

### 1.  Plaintiffs confuse and misstate the public function standard.

Ignoring the law, Plaintiffs argue that merely because "Brookfield has been delegated all the responsibilities normally reserved for a municipality in managing a public [sic] accessible park," it *ipso facto* meets the public function standard for state actor:  "By virtue of its status as a public park, Brookfield Property, as the owner and steward of the property, is a state actor. . . ." (Pl. Opp. at 2-3).  Plaintiffs are wrong.

Indeed, Plaintiffs' argument improperly conflates First Amendment "public forum" doctrine with "state action" jurisprudence.  (*See* FAC ¶¶ 239-240, 254 and Pl. Opp. at 3-7).  The two standards are completely separate inquiries—the former concerns whether the First

---

[3] The Supreme Court rejects many state action arguments because the act involved is not <u>exclusively</u> performed by the state even though the acts serve the public, including nursing home care, *Blum v. Yaretsky*, 457 U.S. 991 (1982); coordination of  collegiate athletics, *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988); and providing utility services, *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974).

Amendment even applies on private property; the latter concerns the capacity in which a person acts.  Merely because a space may be deemed a "public forum,"[4] that does not cause its owner to be a "state actor" responsible for all governmental actions that take place on the owner's property.  The question is whether the conduct at issue is one exclusively reserved to the government, not where the conduct takes place.

But even as to the "state actor" issue, Plaintiffs get it wrong by focusing only on the *public* and not the *exclusive* aspect of public function; thus the cases they use to support their argument are inapposite and easily distinguishable.  For example, *Fabrikant v. French*, 691 F.3d 193 (2d Cir. 2012) has no relevance to owning and operating a park.  *Fabrikant* held that the actions of the SPCA to seize, neuter, and spay plaintiff's animals constituted state action because the SPCA was delegated an *exclusive* state function—animal control—under New York's Agriculture and Markets Law.  *Id.* at 210.  As simply stated above, ownership and management of parks is not an exclusive function of the state as a matter of law; thus *Fabrikant* is unavailing.[5]

Nor does *Evans v. Newton*, 382 U.S. 296 (1966)—a case of extraordinary circumstances decided narrowly by the Court—provide any refuge for Plaintiffs.  In *Evans, the* Supreme Court considered whether operation of property bequeathed to the city of Macon, Georgia as a "white only" park is unlawful state action.  *Evans* is distinguishable from our case because the park

---

[4] When an area is designated a "traditional public forum," it is open to expression protected under the First Amendment, but is nonetheless subject to use restrictions based on time, place, and manner.  *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983).  But whether an area is a traditional public forum has no bearing on whether or not a private entity is a state actor.  Nonetheless, we note that in *Waller v. City of New York*, Justice Stallman held that "movants have not demonstrated that the rules adopted by [Brookfield for Zuccotti Park] . . . are not reasonable time, place, and manner restrictions permitted under the First Amendment."  No. 112951/2011 (Sup. Ct. N.Y. County Nov. 15, 2011) (Flaum Decl. Ex. 2).  This issue, however, need not be resolved on the pending motion.

[5] Likewise, Plaintiffs' consideration of *Citizens to End Animal Suffering and Exploitation, Inc. v. Faneuil Hall Marketplace*, 745 F. Supp. 65 (D. Mass. 1990) is also unproductive.  In *Citizens*, the court held that the marketplace defendant was a state actor under the public function test because (1) it leased its property from the City of Boston; (2) the sidewalks comprising the marketplace were statutorily "dedicated to public uses," and most importantly, (3) the City derived an economic benefit from the marketplace.  *Id.* at 73.  Here, Brookfield has no such economic or lessee relationship with the City.  Even if Zuccotti Park and the Faneuil Hall Marketplace are both meant for public use, that hardly means that Brookfield's ownership and management of Zuccotti Park is necessarily a public function.

discussed in *Evans* had been operated by the government—unquestionably a state actor—since its creation:  "[I]t was swept, manicured, watered, patrolled, and maintained by the city as a public facility . . . as well as granted tax exemption under [Georgia law]."  382 U.S. at 301. Operation of the *Evans* park was ordinary state action; it was cared for exclusively by the city. The facts of the Jim Crow-era *Evans* decision have no bearing on Zuccotti Park, which is—by requirement of zoning law—maintained, owned, and cleaned by Brookfield, a private entity.[6]

Plaintiffs boldly contend that *Evans* held that "a private entity that has title to a public park is a state actor" and that "[n]o case has ever contradicted th[is] *Evans* holding."  (Pl. Opp. at 3).  But two particularly notable cases expressly contradict Plaintiffs' assertion:  *Flagg Bros. Inc. v. Brooks*, a case from the Supreme Court; and *Forbes v. City of New York*, a case in front of this very Court.  In *Flagg Bros.*, Justice Rehnquist, for the majority, wrote

> Respondents . . . contend that *Evans v. Newton* . . . establishes that the operation of a park for recreational purposes is an exclusively public function.  We doubt that *Newton* intended to establish any such broad doctrine in the teeth of the experience of several American entrepreneurs who amassed great fortunes by operating parks for recreation purposes. We think *Newton* rests on a finding of ordinary state action under extraordinary circumstances.  436 U.S. at 159 n.8.

Additionally, in *Forbes v. City of New York*, 05-cv-7331 (NRB), 2008 WL 3539936 at *4 (S.D.N.Y. 2008), this Court rejected the argument that private defendants, while operating and maintaining Damrosch Park (a public park owned by the City and licensed to Lincoln Center), were state actors under the public function test.  This Court even noted that *Flagg Bros.* dismissed a broad reading of *Evans*, stating "we are aware of no case that found state action solely based on the cited portion of *Evans*."  *Id.*  If defendants in *Forbes* operating a *publicly*

---

[6] In *United Auto Workers, Local No. 5285 v. Gaston Festivals, Inc.*, 43 F.3d 902, 908 (4th Cir. 1995), the Fourth Circuit reasoned that *Evans* "is best understood" as an entwinement case, not a public function case, "because the city remained 'entwined in the management or control of the park.'"  Neither the festival in *UAW* nor Zuccotti Park here "could be compared analytically to the ongoing management and operation" of the park in *Evans*.  *See id.*

*owned* park did not meet the public function standard, *a fortiori* Brookfield, as the *private* owner

and operator of Zuccotti Park, cannot meet the public function standard.

### 2. Plaintiffs fail to plead facts sufficient to establish a claim that Brookfield is a state actor under the public function test.

Even if Plaintiffs properly stated the standard for state action under the public function

test, the FAC contains nothing—not even conclusory allegations, much less well-pled facts—that

establish that owning and operating a privately owned public space is an exclusive state function.

Nor could they.  Attempting to color outside of the lines, Plaintiffs' state repeatedly that

Brookfield is owner and "steward" of Zuccotti Park and Winter Garden (Pl. Opp. at 1, 2, 3, 4, 7,

and 11),[7]  and points to a mishmash of (sometimes incorrect) factoids about New York City

Zoning.[8]  (FAC ¶¶ 215-220).  This section of their FAC merely defines terms in the Zoning

Resolution and notes the "POPS status" of Zuccotti Park—it does not amount to plausible

allegations of state action under public function.  Plaintiffs do not and cannot plead facts to show

that Brookfield performed any exclusive state function.

### B. Plaintiffs Fail To Plead State Action Under The Joint Action Test Because They Fail To Allege An Agreement And State No Facts Of A Plan Or Conspiracy.[9]

To prevail under the joint action test, Plaintiffs must present facts demonstrating that

Brookfield was a "willful participant in joint action with the State or its agents," *Dennis v.*

*Sparks*, 449 U.S. 24, 27 (1980), by demonstrating a "plan, prearrangement, conspiracy, custom

---

[7] Insofar as Plaintiffs mean to say anything outside of "operation and management of Zuccotti Park" with their new allegation that Brookfield is the "steward" of Zuccotti Park (and Winter Garden)  they are precluded from making such an argument because it is absent from the FAC.

[8] By way of example only, Plaintiffs incorrectly refer to Winter Garden as a privately owned public space ("POPS"). FAC ¶ 219.  It is not.  (*See* Def. Memo. at 5 n.2).

[9] For the same reasons stated in this Section, Plaintiffs have failed to plead a conspiracy under federal or state law. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 931 (1982) (noting that a "private party's joint participation with a state official . . . would constitute both [conspiracy under 18 U.S.C. § 1983] and a direct violation of . . . rights and [state] action 'under color of law.'") (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970)).

or policy" between Brookfield and a state entity.  *Ginsberg v. Healey Car and Truck Leasing Inc.*, 189 F.3d 268, 272 (2d Cir. 1999) (citations omitted).  Plaintiffs fail to do so.

### 1. Plaintiffs fail to sufficiently allege an agreement between Brookfield and the City.

Except for its empty lament that the "willful participant" test may "ha[ve] no meaning" if their allegations are found to be insufficient to state a claim, Plaintiffs provide no basis to find that the FAC provides a factual predicate alleging that Brookfield Defendants were "willful participants" in a constitutional deprivation.  (Pl. Opp. at 9).  Indeed, while the Supreme Court has found that "examples may be the best teachers" of what constitutes state action, *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001), Plaintiffs cite no case law to give any indication of how their pleadings might compare to *other* examples that plead a "willful participant in joint activity with the State."  *Dennis*, 449 U.S. at 27 n.4.

Instead, Plaintiffs argue that "Brookfield illegally 'revoked' the right of OWS participants to stay in [Zuccotti Park] and 'gave permission' to NYPD to remove people from the park" (Pl. Opp. at 6, 8), and that this allegation somehow indicates joint action between Brookfield and the City.  Plaintiffs' conclusion seems based on two allegations: (1) Brookfield employee Michael Fischetti signed a document stating that he permitted the NYPD to clear Zuccotti Park on November 15, 2011, (FAC at Ex. K);  and (2) New York County ADA Ryan Hayward characterized Fischetti's statement as a revocation of public license to remain in the park. (FAC at Ex. J).  (Pl. Opp. at 9-10).  Based on these meaningless facts—which would be true every time a private citizen asked the police to remove someone from its property— Plaintiffs posit that they have found a "meeting of the minds."  (Pl. Opp. at 10).  Indeed, while ADA Hayward and Mr. Fischetti may agree that Brookfield "is the custodian of [Zuccotti Park]," that hardly means that Brookfield and the City have entered into a conspiracy to deprive

anyone's constitutional rights.[10]  Plaintiffs plead no facts that raise any such inference of joint

action between Brookfield and the City designed to violate anyone's rights.

> **2.  Plaintiffs ignore lawful reasons for police intervention determined in *Waller v. City of New York* and that private citizens can call the police.**

Instead of explaining how the facts alleged raise an inference of Brookfield's joint

participation in a constitutional deprivation, Plaintiffs merely reiterate allegations they made

against the NYPD and conclude—without rhyme or reason—that Brookfield was somehow

involved in allegedly unlawful police activity.  (Pl. Opp. at 8).  Tellingly, Plaintiffs completely

ignore Justice Stallman's opinion in *Waller v. City of New York* finding that clearing Zuccotti

Park on November 15, 2011 was proper lawful activity required to permit Brookfield to meet its

legal obligations.  (*See* Def. Memo. at 13).  Justice Stallman's decision in *Waller* established the

myriad reasons for closing the Park for cleaning and restoring Zuccotti Park on November 15,

2011:

> It is . . . undisputed that the owner is responsible for improving, maintaining, and cleaning the property, and correcting hazards and violations of law. . . . [E]nforcement of the law and the owner's rules appears reasonable to permit the owner to maintain its space in a hygienic, safe, and lawful condition, and to prevent it from being liable by the City or others for violations of law, or in tort. It also permits public access by those who live and work in the area who are the intended beneficiaries of this zoning bonus.  No. 112951/2011 at *2-3 (Sup. Ct. N.Y. County Nov. 15, 2011) (Flaum Decl. Ex. 2).

Thus, all that is alleged is that in order to comply with law, to fix hazards, and to clean

and repair the damage to their park, Brookfield requested police intervention.  But a request for

police intervention does not make Brookfield a state actor.  *See Fisk v. Letterman*, 401 F. Supp.

2d 362, 367 (S.D.N.Y. 2005) ("[A] private party who calls police officers for assistance . . . does

not become a state actor . . . unless the police officers were improperly influenced or controlled

by the private party."); *Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 404 (S.D.N.Y.2004)

---

[10] Additionally, for reasons stated in this Section and in our Memorandum, Michael Fischetti cannot be found to be a state actor.

(private party who calls for police assistance is not rendered a state actor under Section 1983, even if the call caused plaintiff's detainment); *Alexis v. McDonald's Restaurants of Massachusetts, Inc.*, 67 F.3d 341, 345, 352 (1st Cir. 1995) (restaurant manager is not a state actor even though manager told the police that she "would like [an unruly customer] to leave" and officer forcibly removed customer from restaurant, because there was no evidence that officer substituted manager's judgment for his own).  Here, of course, far from alleging that the City blindly accepted Brookfield's judgment, the FAC alleges the exact opposite: that Brookfield transferred total authority and discretion to the City.  (FAC ¶¶ 234-238, 398).

> **C.      Plaintiffs Improperly Plead Additional Facts In Their Opposition.**

In an attempt to salvage their "revocation" argument (see Section I.B.1, *supra*), Plaintiffs raise in their brief and supporting affidavit additional "facts" not pled in the FAC regarding Brookfield CEO Richard Clark.  (Pl. Opp. at 6-7).  These allegations should be precluded as a matter of law.  *Islam v. Goord*, 05-cv-7502 (RJH), 2006 WL 2819651 at *1 n.2 (S.D.N.Y. Sept. 29, 2006) ("Since it 'is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss,' the Court will not consider allegations not made in the complaint."); *Connolly v. Havens*, 763 F. Supp. 6, 8 n.2 (S.D.N.Y.1991) ("The Court will not consider the numerous factual allegations set forth for the first time in plaintiff's memorandum opposing the instant motions.  It is a basic principle that a complaint may not be amended by the plaintiff's brief filed in opposition to a motion to dismiss.").  Indeed, Plaintiffs' additional "allegations" in their Opposition serve only to demonstrate the deficiency of their complaint.

## II.      PLAINTIFFS FAIL TO STATE A CLAIM AGAINST JAMES MORRISSEY FOR CONSPIRACY AND MALICIOUS PROSECUTION

Plaintiffs' Opposition only serves to highlight the deficiency of claims against Mr. Morrissey.  Plaintiffs assert that an alleged "meeting of the minds" can be inferred from four facts:  (1) A Deputy Inspector of the NYPD instigated Meacham's arrest, and then (2) ordered

lower-ranked NYPD officers to arrest Meacham while (3) Meacham was purportedly leaving the Winter Garden.  (4) Two days later, Defendant Morrissey signed a supporting deposition against Meacham.  (Pl. Opp. at 15-16).  These allegations are woefully insufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiffs' allegations are nothing more than "conclusory, vague, or general allegations that the defendant[] ha[s] engaged in a conspiracy to deprive the plaintiff of his constitutional rights" that, "unless amplified by specific instances of misconduct," are properly dismissed.  *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

Plaintiffs inexplicably continue to argue that Morrissey and Meacham never interacted on a personal level, as if that is the only way that Morrissey could have instructed Meacham to leave the Winter Garden.  (Pl. Opp. at 13-16).  Supplementing our motion to dismiss, Brookfield Defendants presented a video from YouTube uploaded by a member of OWS  (*See* Flaum Decl. Ex. 7).  The video shows Mr. Morrissey with a bullhorn on December 12, 2011 in the Winter Garden on multiple occasions instructing those assembled—which, according to the FAC, includes Mr. Meacham—to leave.  It squares with what Mr. Morrissey signed in his supporting deposition against Meacham.  (*See* Flaum Decl. Ex. 8).  And it renders implausible Plaintiffs' claim against Morrissey.

Morrissey's actions of (1) asking trespassers to leave and then (2) providing evidence at the District Attorney's request after one of those trespassers was arrested does not approach conspiratorial conduct.  (Def. Memo. at 23).  *See also Toomer v. Cellco P'ship*, No. 11-cv-7515 (PAE), 2012 WL 2953831, at *6 (S.D.N.Y. Jul. 20, 2012) (holding that even if a criminal complaint was "wholly justified based on representations" of a private defendant, plaintiff failed to plead conspiracy against private defendant).  Plaintiffs attempt to color their argument by analogizing to *Coakley v. Jaffe*, 49 F. Supp. 2d 615 (S.D.N.Y. 1999), a case whose allegations

9

far surpass the paltry facts that Plaintiffs allege here.  In *Coakley*, plaintiffs alleged that private

defendants conspired to obtain an unwarranted criminal indictment by disseminating misleading

information, convincing an Assistant District Attorney to investigate the plaintiffs, and coercing

a witness to cooperate with the criminal investigation that ultimately lead to plaintiffs'

conviction.  *Id.* at 620.  The allegations in *Coakley* are a far cry from Plaintiffs' here, and

demonstrate why the claims here should be dismissed.

**CONCLUSION**

For the reasons set forth above, the Brookfield Defendants respectfully request that this

Court dismiss the FAC with prejudice as to the Brookfield Defendants, and grant such other and

further relief as this Court deems just and proper.


Dated: New York, New York
      February 12, 2013

FRIED, FRANK, HARRIS, SHRIVER &
  JACOBSON LLP

By: _____/s/_____
      Douglas H. Flaum
      Richard G. Leland

One New York Plaza
New York, New York 10004-1980
(212) 859-8000
douglas.flaum@friedfrank.com
richard.leland@friedfrank.com
Attorneys for Defendants
  Brookfield Office Properties Inc.
  and James Morrissey