UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NEW YORK CITY COUNCIL MEMBER YDANIS
RODRIGUEZ, NEW YORK CITY COUNCIL MEMBER
JUMAANE WILLIAMS, JOHN KNEFEL, NEW YORK
CITY COUNCIL MEMBER LETITIA JAMES, JUSTIN
SULLIVAN, JEFFERY MCCLAIN, NEW YORK CITY
COUNCIL MEMBER MELISSA MARK-VIVERITO,           1:12-cv-03389-NRB
STEPHANIE KEITH, DEMOCRATIC DISTRICT
LEADER PAUL NEWELL, JUSTIN WEDES, PETER
DUTRO, TIMOTHY FITZGERALD, PAUL SULLIVAN,        ECF CASE
MICHAEL RIVAS and YONATAN MILLER.

                         Plaintiffs,


    -against-


DEPUTY INSPECTOR EDWARD WINSKI, THE CITY
OF NEW YORK, THE METROPOLITAN TRANSIT
AUTHORITY, J.P. MORGAN CHASE & CO.,
BROOKFIELD OFFICE PROPERTIES, MITSUI
FUDUSAN AMERICA. INC., MAYOR OF THE CITY
OF NEW YORK MICHAEL BLOOMBERG, NEW
YORK POLICE DEPARTMENT COMMISSIONER
RAYMOND KELLY, METROPOLITAN TRANSIT
AUTHORITY POLICE COMMISSIONER MICHAEL
COAN, MTA POLICE OFFICER LAKERAM, POLICE
OFFICER ROBERT MATRISCIANI, SERGEANT
STEVEN CARO, POLICE OFFICER MARGARET
MONROE, POLICE OFFICER FERNANDO TRINIDAD,
JOHN AND JANE DOE NYPD OFFICERS ##1-100,
JOHN AND JANE DOE MTA POLICE OFFICERS ##1-
8, JOHN DOE EMPLOYEES OF J.P. MORGAN CHASE
& CO. ##1-10, JOHN DOE EMPLOYEES OF
BROOKFIELD OFFICE PROPERTIES ##1-10, JOHN
DOE EMPLOYEES OF MITSUI FUDUSAN AMERICA,
INC. ##1 -10,

                         Defendants.

------------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MTA DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

LANDMAN CORSI BALLAINE & FORD P.C.
Philip J. DiBerardino
Jennifer N. Lagadas (JL5278)
Attorneys for Defendants
Metropolitan Transportation Authority,
Metropolitan Transportation Authority Police
Commissioner Michael Coan and
Metropolitan Transportation Authority
Lieutenant Lakeram
120 Broadway - 27th Floor
New York, New York 10271
(212) 238-4800

TABLE OF **CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   PLAINTIFF JUSTIN SULLIVAN HAS FAILED TO STATE A CLAIM FOR
     MUNICIPAL LIABILITY AGAINST THE MTA . . . . . . . . . . . . . . . . . . . . . 2

II.  PLAINTIFF JUSTIN SULLIVAN'S CLAIMS AGAINST MTA POLICE
     COMMISSIONER COAN IN HIS INDIVIDUAL CAPACITY FAIL TO
     ALLEGE HIS PERSONAL INVOLVEMENT IN THE ALLEGED
     DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS. . . . . . . . . . 4

III. PLAINTIFF JUSTIN SULLIVAN FAILS TO ADEQUATELY PLEAD
     THE ELEMENTS OF EACH CLAIM ASSERTED AGAINST MTA
     POLICE LIEUTENANT LAKERAM IN HER INDIVIDUAL CAPACITY . . . . . . . . 5

     A.   Plaintiff Justin Sullivan's §1983 Claim for Violation of the First
          Amendment Right to Free Speech and Free Assembly Fails to
          Adequately Plead the Required Elements. . . . . . . . . . . . . . . . . . . . . . . 5

     B.   Plaintiff Justin Sullivan Fails to Plead the Elements Necessary to
          Adequately Allege a §1983 Claim for Excessive Force . . . . . . . . . . . . . 7

IV.  PLAINTIFF JUSTIN SULLIVAN FAILS TO MEET THE PLEADING
     STANDARD NECESSARY TO ALLEGE ANY PURPORTED CLAIM
     FOR CONSPIRACY AGAINST THE MTA DEFENDANTS . . . . . . . . . . . . . . . 8

V.   IN THE ALTERNATIVE, PLAINTIFF JUSTIN SULLIVAN'S CLAIMS AGAINST
     THE MTA DEFENDANTS ARE APPROPRIATE FOR SEVERANCE . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

CASES <span style="float:right">PAGE</span>

*Board of the County Comm'rs of Bryan County, Oklahoma v. Brown,*
520 U.S. 397 (1997) ............................................................................................................ 2

*Castro v. County of Nassau,*
739 F. Supp. 2d 153 (E.D.N.Y. 2010) ........................................................................... 7

*Ciambriello v. County of Nassau,*
292 F.3d 307 (2d Cir. 2002) ............................................................................................ 8

*City of St. Louis v. Praprotnik,*
485 U.S. 112 (1988) .......................................................................................................... 2

*DeCarlo v. Fry,*
141 F.3d 56 (2d Cir. 1998) .............................................................................................. 2

*Dwares v. City of New York,*
985 F.2d 94 (2d Cir. 1993) .............................................................................................. 4

*Fisk v. Letterman,*
424 F. Supp. 2d 670 (S.D.N.Y.2006) ............................................................................ 8

*Graham v. Conner,*
490 U.S. 386 (1989) .......................................................................................................... 7

*Humphrey v. Landers,*
344 Fed.Appx. 686 (2d Cir. 2009) ............................................................................... 7

*Kentucky v. Graham,*
473 U.S. 159 (1985) .......................................................................................................... 4

*McKinnon v. Patterson,*
568 F.2d 930 (2d Cir. 1977) ........................................................................................... 4

*Monell v. Department of Social Services,*
436 U.S. 658 (1978) ..................................................................................................... 2, 4

*Pangburn v. Culbertson,*
200 F.3d 65 (2d Cir. 1999) .............................................................................................. 8

*Posr v. Doherty,*
944 F.2d 91 (2d Cir. 1992) .............................................................................................. 7

*Ricciuti v. N.Y.C. Transit Authority,*
941 F.2d 119 (2d Cir. 1991) ........................................................................ 3

*Roe v. City of Waterbury,*
542 F.3d 31 (2d Cir. 2008) .......................................................................... 2

*Rosendale v. Brusie,*
No. 07-CV-8149, 2009 WL 778418 (S.D.N.Y. March 25, 2009) .................. 6

*Sloup v. Loeffler,*
No. 05-CV-1766, 2008 WL 3978208 (E.D.N.Y. Aug. 21, 2008) .................. 6

*Williams v. Town of Greenburgh,*
535 F.3d 71 (2d Cir. 2008) .......................................................................... 6

*Wray v. City of N.Y.,*
490 F.3d 189 (2d Cir. 2007) ........................................................................ 2

## STATUTES

42 U.S.C. §1983 .................................................................... 2, 3, 4, 5, 7

## PRELIMINARY STATEMENT

Defendants Metropolitan Transportation Authority ("Defendant MTA"), MTA Police Commissioner Michael Coan ("Defendant Coan") and MTA Police Officer Lakeram[1] ("Defendant Lakeram") (collectively "MTA Defendants") respectfully submit this memorandum (a) in reply to Plaintiffs' Memorandum of Law in Opposition to MTA Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Opposition") and (b) in further support of their motion for an Order dismissing all claims asserted against the MTA Defendants in the Amended Complaint with prejudice, or in the alternative, severing any claims against the MTA Defendants.

This action arises out of various incidents that occurred in connection with the Occupy Wall Street ("OWS") movement. Amended Complaint at ¶¶ 1-4. Despite the lengthy nature of the Amended Complaint, the only allegations asserted against the MTA Defendants arise from the singular arrest of Justin Sullivan in Grand Central Terminal on January 3, 2012. As discussed more fully below and in the MTA Defendants' moving papers, plaintiff Justin Sullivan's claims against the MTA Defendants should be dismissed as they fail to plead plausible factual allegations sufficient to support the causes of action asserted against the MTA Defendants. In the alternative, the MTA Defendants seek an Order severing any remaining claims asserted against them as these claims arise from an isolated incident involving a singular plaintiff on a single date, separate and distinct from the numerous other incidents involving the other defendants in the Amended Complaint.

---

[1] The Amended Complaint incorrectly identifies MTA Lieutenant Omeeta Lakeram as an MTA police officer. Omeeta Lakeram was a Lieutenant with the MTA Police Department on the day of the alleged incident involving Plaintiff Justin Sullivan and still holds that position.

**ARGUMENT**

I.   PLAINTIFF JUSTIN SULLIVAN HAS FAILED TO STATE A CLAIM FOR MUNICIPAL LIABILITY AGAINST THE MTA.

"[T]o hold a [municipality] liable under §1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of N.Y.*, 490 F.3d 189, 195 (2d Cir. 2007) (brackets and internal quotation marks omitted); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To demonstrate a municipal policy or custom, the plaintiff must "demonstrate that, through its deliberate conduct, the municipality [itself] was the 'moving force' behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted). Moreover, the plaintiff must show that the alleged practice is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). The plaintiff bears the burden of identifying any such custom or policy. *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). Moreover, a "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998).

Here, plaintiff Justin Sullivan has failed to satisfy his burden of identifying a policy or custom on the part of the MTA that resulted in his alleged injuries. Much to the contrary, plaintiff's allegations in the Amended Complaint are premised on the alleged unconstitutional conduct of the New York Police Department ("NYPD") and the City of New York, including their alleged custom and practice of barring OWS participants from engaging in public speech and free assembly.

Amended Complaint at ¶ 8.    Likewise, plaintiff's Opposition predicates his allegations on the *NYPD's*, not the MTA's, alleged "system of 'credentials.'"  Opposition at p. 4.  Plaintiff's complete failure to assert a custom or policy on the part of the MTA that allegedly resulted in the deprivation of his constitutional rights, *even after amending the Complaint*, confirms that plaintiff cannot identify any such policy or custom of the MTA.

Beyond these threshold infirmities, plaintiff Justin Sullivan's §1983 claims against the MTA also fail to the extent that they are based on a single incident.  It is well-established that allegations of a single incident are insufficient to demonstrate a municipality's official custom or policy that resulted in a violation of a plaintiff's constitutional rights.  *See Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 122-23 (2d Cir. 1991).  Here, plaintiff Justin Sullivan's §1983 claims against the MTA are based on a single incident involving *only* the MTA Defendants and *only* plaintiff Justin Sullivan. Amended Complaint at ¶¶ 161-73, 513-14, 866-95.  None of the facts alleged with regard to this singular incident relate to any other events referenced in the Amended Complaint.

Nevertheless, plaintiff's Opposition makes a failed attempt to remedy the defective nature of his §1983 claims against the MTA with the belated assertion that the MTA was also involved in several other OWS activities.  Opposition at pp. 4-5.  Not only are these allegations wholly irrelevant to the instant matter and outside the four corners of the Amended Complaint, they also fail to allege any custom or policy on the part of the MTA that resulted in the deprivation of plaintiff's constitutional rights.  Remarkably, these belated assertions do not even allege that the MTA actually played any role in these OWS activities and they have no relationship to plaintiff Justin Sullivan's arrest in Grand Central Terminal.  Rather, plaintiff only highlights that he is unable to identify a policy or custom on the part of the MTA that resulted in the alleged deprivation of his constitutional

rights. As such, plaintiff Justin Sullivan's §1983 claims against the MTA should be dismissed.

Given that §1983 claims brought against a public official in his or her official capacity are treated as a suit against a government entity, the purported claims asserted against Defendants Coan and Lakeram in their official capacities suffer from the same deficiencies set forth above and thus should likewise be dismissed. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 n. 55 (1978)). *See also Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993) (noting that a plaintiff must offer "proof of ... a [municipal] custom or policy in order to permit recovery on claims against individual municipal employees in their official capacities, since such claims are tantamount to claims against the municipality itself.").

## II.   PLAINTIFF JUSTIN SULLIVAN'S CLAIMS AGAINST MTA POLICE COMMISSIONER COAN IN HIS INDIVIDUAL CAPACITY FAIL TO ALLEGE HIS PERSONAL INVOLVEMENT IN THE ALLEGED DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.

In order to establish individual liability under §1983, a plaintiff must allege personal involvement of the defendants in the alleged constitutional deprivations. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). In the instant matter, the Amended Complaint is devoid of any facts alleging Defendant Coan's personal involvement in the deprivation of plaintiff Justin Sullivan's rights. Indeed, the sole allegation contained in the Complaint regarding Defendant Coan merely alleges that he was formerly employed with the NYPD and speculates that his employment history afforded him the "*opportunity* to coordinate with NYPD in its response to OWS." Amended Complaint at ¶ 405 (emphasis added). The mere recital of Defendant Coan's curriculum vitae falls woefully short of the factual pleadings necessary to state §1983 claims against Defendant Coan in

his individual capacity.  Accordingly, plaintiff Justin Sullivan's §1983 claims against Defendant

Coan in his individual capacity should be dismissed.

### III.   PLAINTIFF JUSTIN SULLIVAN FAILS TO ADEQUATELY PLEAD THE ELEMENTS OF EACH CLAIM ASSERTED AGAINST MTA POLICE LIEUTENANT LAKERAM IN HER INDIVIDUAL CAPACITY.

Plaintiff Justin Sullivan's claims against Defendant Lakeram in her individual capacity are

equally deficient.    Although the Amended Complaint contains sparse allegations regarding

Defendant Lakeram's limited involvement in plaintiff's arrest, these allegations are insufficient to

support plaintiff's §1983 claims against Defendant Lakeram in her individual capacity.  As such,

these claims should be dismissed.[2]

#### A.   Plaintiff Justin Sullivan's §1983 Claim For Violation of the First Amendment Right to Free Speech and Free Assembly Fails to Adequately Plead the Required Elements.

Neither the Amended Complaint nor the Opposition provides the predicate factual allegations

necessary to support plaintiff's claim for violation of his First Amendment right to free speech and

free assembly.  Contrary to plaintiff's assertions in the Opposition, the Amended Complaint fails to

allege that the MTA Defendants' effectively chilled the exercise of plaintiff's First Amendment

rights.  Indeed plaintiff proffers inconsistent allegations - on the one hand affirmatively stating that

he "intends to participate in Constitutionally protected protest activities in New York City in the

future," Amended Complaint at ¶ 17, while simultaneously asserting that the MTA Defendants

chilled the exercise of his First Amendment rights.  Opposition at p. 8.  Indeed, upon information

---

[2] Plaintiff Justin Sullivan fails to rebut the MTA Defendants' argument that his claim for malicious prosecution fails as a matter of law where plaintiff did not - and indeed cannot - allege that the criminal proceedings against him terminated in his favor   As such, plaintiff Justin Sullivan's malicious prosecution claim asserted against the MTA Defendants should be dismissed.

and belief, plaintiff has participated in additional OWS activities since the events of January 3, 2012. Plaintiff's continued exercise of his rights essentially nullifies any purported claim that the MTA Defendants chilled the exercise of his First Amendment rights. *See Rosendale v. Brusie*, No. 07-CV-8149, 2009 WL 778418, at *11 (S.D.N.Y. March 25, 2009) (plaintiff failed to allege actual chilling of his rights where he continued to exercise his First Amendment rights). *See also Williams v. Town of Greenburgh*, 535 F.3d 71, 78 (2d Cir. 2008) (plaintiff was not chilled where he continued to speak despite alleged retaliatory conduct); *Sloup v. Loeffler*, No. 05-CV-1766, 2008 WL 3978208 (E.D.N.Y. Aug. 21, 2008) (actual chilling not established where plaintiff continued to speak).

Moreover, plaintiff has failed to allege that Defendants' actions in effecting his arrest were motivated by the exercise of his First Amendment rights. Plaintiff drastically skews his characterization of the events leading to his arrest in an attempt to bolster his claim for violation of his First Amendment rights. The video attached to the Amended Complaint as Exhibit "G" illustrates that plaintiff Justin Sullivan intentionally interfered with the MTA police officers' performance of an official function in effecting the arrest of another individual, resulting in plaintiff making physical contact with these officers, crossing through the barricade designating a restricted area and causing injury to Defendant Lakeram. These actions make clear that plaintiff's arrest was not motivated by the alleged exercise of his First Amendment rights but rather his obstruction of governmental administration and disorderly conduct.

Based on the foregoing, plaintiff Justin Sullivan's claim for violation of his First Amendment right to free speech and free assembly is insufficiently pled as a matter of law.

**B.      Plaintiff Justin Sullivan Fails to Plead the Elements Necessary to Adequately Allege a §1983 Claim for Excessive Force.**

Dismissal of plaintiff Justin Sullivan's claim for excessive force is also warranted because plaintiff fails to allege (i) the use of anything more than de minimis force and (ii) that he sustained any injury as a result of any alleged force.[3] As more fully discussed above, plaintiff Justin Sullivan's arrest was the result of a physical altercation in which plaintiff became involved in with various MTA police officers.  As such, the officers' use of de minimus force, as alleged by plaintiff in the Amended Complaint, was objectively reasonable in light of the facts and circumstances confronting them.  *Graham v. Conner*, 490 U.S. 386 (1989).  Moreover, plaintiff Justin Sullivan fails to assert any allegations that he sustained any injury as a result of any such alleged force.  *Castro v. County of Nassau*, 739 F. Supp. 2d 153, 177 n. 16 (E.D.N.Y. 2010) ("It is clear that some type of injury is required to prevail on a §1983 excessive force claim.").  Accordingly, plaintiff Justin Sullivan's claim for excessive force should be dismissed.

Given that the elements of an assault and battery claim are identical to a claim for excessive force, plaintiff Justin Sullivan's claim for assault and battery should likewise be dismissed.  *See Humphrey v. Landers*, 344 Fed.Appx. 686 (2d Cir. 2009) (citing *Posr v. Doherty*, 944 F.2d 91, 94-95 (2d Cir. 1992)).

---

[3] As a threshold matter, the Amended Complaint is entirely devoid of any factual allegations that Defendant Lakeram used any force, let alone excessive force, against plaintiff Justin Sullivan.  As such, plaintiff's claim for excessive force asserted against Defendant Lakeram should be dismissed.

IV.   PLAINTIFF JUSTIN SULLIVAN FAILS TO MEET THE PLEADING STANDARD NECESSARY TO ALLEGE ANY PURPORTED CLAIM FOR CONSPIRACY AGAINST THE MTA DEFENDANTS.[4]

Despite the prolix nature of plaintiff's Opposition, plaintiff *again* fails to identify any factual support for the naked assertion that the MTA Defendants were involved in any alleged conspiracy to deprive plaintiff of his constitutional rights.[5]  Parsing through plaintiff's self-serving narratives, Plaintiff is left with the conclusory assertion that the secretive nature of conspiracies justifies his inability to plead any facts to support his conspiracy claim.  Opposition at pp. 15-16.  Plaintiff's reasoning is flawed.  The Second Circuit has held that although conspiracies are secretive in nature, mere conclusory assertions are insufficient to plead a conspiracy claim.  *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).  Given that plaintiff's conspiracy claim against the MTA Defendants is predicated entirely on vague, conclusory assertions that merely recite the elements of a conspiracy cause of action, plaintiff's conspiracy claim should be dismissed.  *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).[6]

---

[4] A thorough review of the Amended Complaint reveals that there is no enumerated cause of action for conspiracy asserted against the MTA Defendants.  Thus, plaintiff Justin Sullivan has arguably failed to allege any such cause of action against the MTA Defendants.  However, in the event that the Court determines that plaintiff Justin Sullivan has alleged a conspiracy claim against the MTA Defendants through his conclusory assertions sparsely set forth in the Amended Complaint, the MTA Defendants have addressed the legal insufficiency of any such purported claim.

[5] Plaintiff asserts that the MTA Defendants admit in their moving papers that the Amended Complaint alleges an agreement between state actors and private entities.  This contention misconstrues the MTA Defendants' moving papers which assert that plaintiff's conspiracy claim merely recites the elements of such claim.

[6] It is unclear whether plaintiff is attempting to assert a conspiracy claim against the MTA Defendants under federal or state law.  In any event, plaintiff's purported conspiracy claim against the MTA Defendants fails to assert plausible factual allegations to survive a motion to dismiss under both federal and state law.  Under New York state law, a plaintiff asserting a civil conspiracy claim must demonstrate an underlying tort and establish the following four elements: "(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Fisk v. Letterman*, 424 F. Supp. 2d 670, 677 (S.D.N.Y.2006) (quoting *Treppel v. Biovail Corp.*, No. 03 Civ. 3002, 2004 WL 2339759, at *19 (S.D.N.Y. Oct. 15, 2004)).  As set forth above, plaintiff has failed to allege anything more than generalized, conclusory statements that are insufficient to plead these elements.  As such, plaintiff's conspiracy claim fails under both federal and state law.

V.    IN THE ALTERNATIVE, PLAINTIFF JUSTIN SULLIVAN'S CLAIMS
AGAINST THE MTA DEFENDANTS ARE APPROPRIATE FOR
SEVERANCE.

In the event that the Court declines to dismiss all claims against the MTA Defendants, the
claims against the MTA Defendants in the instant matter are appropriate for severance.  Despite
plaintiff Justin Sullivan's assertion to the contrary, the incident that forms the basis for his claims
against the MTA Defendants is unrelated to the various other incidents referred to throughout the
Amended Complaint.   Veritably, the Amended Complaint does not allege that plaintiff Justin
Sullivan or the MTA Defendants were involved in any of the other incidents referenced in the
Amended Complaint.  As such, there would be no inconvenience to the other parties, no duplication
of discovery and no prejudice to plaintiffs.  On the other hand, requiring the MTA Defendants to
proceed in a case that overwhelmingly centers on the actions of the NYPD and the City of New
York, would cause the MTA Defendants to suffer undue prejudice in unnecessary delay and
litigation expense.

Accordingly, the MTA Defendants respectfully submit that severance of plaintiff Justin
Sullivan's claims against the MTA Defendants is appropriate in the instant action where these
claims, which arise from an isolated occurrence, are separate and distinct from the remaining claims
in the Amended Complaint and do not involve common questions of fact or law.

## CONCLUSION

For the foregoing reasons, the MTA Defendants respectfully request that the Court dismiss
all claims asserted against the MTA Defendants in the Amended Complaint with prejudice, or in the
alternative, sever any claims against the MTA Defendants, and that the MTA Defendants be granted

costs, fees and disbursements together with such other and further relief as the Court may deem just

and proper.

Dated: New York, New York
        February 12, 2013

               Yours, etc.,

               LANDMAN CORSI BALLAINE & FORD P.C.

               By: _____

                  Jennifer N. Lagadas
                  Philip J. DiBerardino
                  Attorneys for MTA,
                  MTA Police Commissioner Michael Coan and
                  MTA Police Officer Lakeram
                  120 Broadway, 27th Floor
                  New York, New York 10271
                  (212) 238-4800

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing NOTICE OF MOTION, DECLARATION IN SUPPORT, and MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS was electronically filed on February 12th, 2013 and is available for viewing and/or downloading from the Court's ECF system.

Electronic service will be made via ECF notification on the following:

Wylie M. Stecklow, Esq.
wylie@wylielaw.com
Samuel B. Cohen, Esq.
sam@wylielaw.com
Stecklow Cohen & Thompson
10 Spring Street, Suite 1
New York, New York 10012
(212) 566-8000
Fax (212) 202-4952

Yetta G. Kurland, Esq.
kurland@kurlandassociates.com
Erica T. Kagan, Esq.
kagan@kurlandassociates.com
Kurland Group
350 Broadway, Suite 701
New York, New York 10013
(212) 253-8911
Fax (212) 614-2532

Leo Glickman, Esq.
lglickman@stollglickman.com
Stoll, Glickman & Bellina, LLP
475 Atlantic Avenue, 3rd Floor
Brooklyn, New York 11217
(718) 852-3710
Fax (718) 852-3586

Paul A. Straus, Esq.
pstraus@kslaw.com
KING & SPALDING
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

Sheryl R. Neufeld, Esq.
sneufeld@law.nyc.gov
Dara L. Weiss, Esq.
daweiss@law.nyc.gov
Andrew J. Lucas, Esq.
alucas@law.nyc.gov
NEW YORK CITY LAW DEPARTMENT
100 Church Street, Room 2-152
New York, NY 10007
(212) 788-0303

Jeffrey L. Braun, Esq.
jbraun@kramerlevin.com
Samantha Ford, Esq.
sford@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Douglas H. Flaum, Esq.
douglas.flaum@friedrank.com
Richard G. Leland, Esq.
richard.leland@friedfrank.com
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004
(212) 859-8000

/s/ Jennifer N. Lagadas
Jennifer N. Lagadas
LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendants
Metropolitan Transportation Authority, MTA Police Commissioner
Michael Coan, and MTA Lieutenant Lakeram
120 Broadway – 27th Floor
New York, New York 10271-0079
Tel (212) 238-4800
Fax (212) 238-4848
E-Mail: jlagadas@lcbf.com

547321/1